IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marcus Tyrone Williamson, #20496-054) ) Petitioner, ) ) v. ) ) Michael Pettiford, Warden ) FCI-Bennettsville, ) ) Respondent. ) ) | Civil Action No.8:07-3739-HMH-BHH **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

The petitioner, a federal prisoner, brought this habeas action pursuant to 28 U.S.C. § 2241. This matter is before the court on the respondent's motion for summary judgment (Dkt. # 12) and the plaintiff's cross-motion for summary judgment (Dkt. # 14).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this action on November 13, 2007. On February 1, 2008, the respondent filed a motion for summary judgment. By order filed February 4, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 25, 2008, the petitioner filed his own motion for summary judgment.

**PROCEDURAL FACTS**

The petitioner is currently incarcerated at the Federal Correctional Institution in Bennettsville. He is serving a 120-month sentence imposed on February 2, 2001, by the United States District Court for the Middle District of North Carolina for possession of a

firearm by a convicted felon. (Pet. at 1.) He has a projected release date of November 25, 2009, via good conduct time.

On January 29, 2000, the petitioner was arrested by the Greensboro, North Carolina, Police Department for possession of a firearm by a felon, selling and delivering marijuana, and possession of marijuana up to one half ounce. (Pet'r's Mem. Supp. Pet. at 1; Resp't's Mem. Supp. Summ. J. Mot. Ex. #3 -Johnson Decl. ¶ 4.) According to the petitioner's pre-sentence report, he was released on bond the same day he was arrested. (Pet'r's Mem. Supp. Pet. at 2; Resp't's Mem. Supp. Summ. J. Mot. Ex. #3 - Johnson Decl. ¶ 4.) The petitioner, however, contends that he spent seven days in jail and was not released until February 4, 2000. (Pet'r's Mem. Supp. Pet. at 2.)

Then, on February 18, 2000, the petitioner was charged by the Greensboro Police Department with possession of a firearm when a .45 caliber pistol was found during the execution of a search warrant at his home. (Pet'r's Mem. Supp. Pet. at 2.) The petitioner was in custody for one day when he was released on bond on February 19, 2000. (*Id.*) On April 26, 2000, the petitioner was again arrested by the Greensboro Police Department for possession of a firearm by a convicted felon. (*Id.*) The petitioner was released on bond the same day. (*Id.*) On August 28, 2000, a federal grand jury returned a two-count federal indictment for possession of a firearm by a felon for the January 29 and February 18, 2000, offenses. (*Id.*)

On August 30, 2000, the petitioner was arrested by the Greensboro Police Department based on a state probation violation. (Pet'r's Mem. Supp. Pet. at 2.) On September 11, 2000, the petitioner transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum by the United States Marshals for an appearance in federal court on his pending federal offenses. (Pet'r's Mem. Supp. Pet. at 2; Resp't's Mem. Supp. Summ. J. Mot. Ex. #3 -Johnson Decl. ¶ 9.) On September 12, 2000, the State of

North Carolina revoked the petitioner's state probation and sentenced him to 150-days imprisonment. (*Id.*)

On February 2, 2001, the petitioner pled guilty to the February 18, 2000 federal offense (Count One) and the January 29, 2000, federal offense (Count Two) was dismissed. (Resp't's Mem. Supp. Summ. J. Mot. Ex. #1.)  He was sentenced to 120 months by the United States District Court for the Middle District of North Carolina which he is currently serving.  (Pet'r's Mem. Supp. Pet. at 3; Resp't's Mem. Supp. Summ. J. Mot. Ex. #1.)  Following his sentencing in federal court, the petitioner was returned to state custody to serve his 150-day state probation violation sentence. (*Id.*) On February 8, 2001, the petitioner completed serving his state probation violation sentence and begin serving his federal sentence. (Pet'r's Mem. Supp. Pet. at 3; Resp't's Mem. Supp. Summ. J. Mot. Ex. #3 -Johnson Decl. ¶ 11.)  The state retained custody of the petitioner because he had other pending state charges.  These state charges were subsequently dropped, including the marijuana charges from January 29, 2000, and on April 5, 2001, the petitioner was transferred to federal custody.  (Pet'r's Mem. Supp. Pet. at 3.)

In his petition, the petitioner alleges that the Federal Bureau of Prisons ("BOP") has unlawfully computed his sentence and denied him jail credit.  (Pet. at 7.)  The BOP has credited the petitioner with a total of sixteen days for the following periods: February 18-19, 2000; April 26, 2000; and August 30 - September 11, 2000.  (Resp't's Mem. Supp. Summ. J. Mot. at 6. n. 1 & Ex. 2 at 2.)  The petitioner is seeking credit for several time periods, totaling 313 days: 1)  January 29 - February 4, 2000;  2)  September 11, 2000  - February 9, 2001; and 3)  February 2 - July 5, 2001.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

3

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

Pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, and he has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992). Computation of a federal sentence is governed by § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence. Further, although a district court may order a federal sentence to run concurrently with an undischarged state sentence, 18 U.S.C. § 3584(a), the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence, 18 U.S.C. § 3585(b). *Grimsley v. Lamana*, 2007 WL 963482 (D.S.C. 2007).

> Section 3585(b) provides:
>
> Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The petitioner's federal sentence computation reflects that his federal sentence commenced on February 8, 2001, the day he completed his state probation violation sentence. (Resp't's Mem. Supp. Summ. J. Mot. Ex. # 2.) He has been awarded 16-days prior custody credit, and he is eligible to earn 423 days Good Conduct Time ("GCT"). (*Id.*) Further, the petitioner has a current projected release date from his federal sentence of November 25, 2009. (*Id.*)

As noted above, the BOP has credited the petitioner for the following periods: 1) February 18-19, 2000; 2) April 26, 2000; and 3) August 30 - September 11, 2000. (Resp't's Mem. Supp. Summ. J. Mot. Ex. # 2 at 2.) However, the petitioner contends he is entitled to jail credit for three additional time periods: 1) January 29 - February 4, 2000; 2) September 11, 2000 - February 9, 2001 ; and 3) February 2 - July 5, 2001. Each time period is discussed below.

**1) January 29 - February 4, 2000**[1]

First, the petitioner contends he is entitled to jail credit for the time he spent in jail awaiting bond on the charges he was arrested for on January 29, 2000: the federal charge of possession of a firearm by a felon, and the two state marijuana charges. In response, the respondent contends pursuant to § 3585(b), the petitioner is not entitled to have this time credited toward his federal sentence. The respondent also contends that the petitioner was arrested on January 29, 2000, and released on bond the same day. Thus, at best, he would be entitled to credit for only one day.

In support of his argument that the petitioner spent only one day in custody, the respondent has submitted a copy of a document from the North Carolina Guilford County Clerk of Court. (Resp't's Mem. Opp. Pl.'s Summ. J. Mot. at 1 & Attach.) However, upon reviewing the document, the undersigned cannot say that it supports the respondent's position. In the document entitled an "Appearance Bond for Pretrial Release," it appears that bond was posted on January 29, 2000. However, on the "Return of Custodian of Detention Center" section of the form, the return is signed by the custodian affirming that the petitioner was released but the space to write the date that he was released is blank.

---

[1]The undersigned notes that the petitioner filed grievances about only the time period from August 30, 2000 - February 2, 2001. (Pet. Exs. E-H.)

Therefore, this document does not provide any proof that the petitioner was actually released on bond on January 29, 2000.

In any event, assuming the petitioner remained in custody until February 4, 2000, as he alleges, he is still not entitled to credit for that time.  As noted above, the petitioner was arrested on January 29, 2000, by the Greensboro Police Department for possession of a firearm by a felon; selling and delivering marijuana; and possession of marijuana up to one half ounce.  (Pet'r's Mem. Supp. Pet. at 1; Resp't's Mem. Supp. Summ. J. Mot. Ex.  #3 - Johnson Decl. ¶ 4.)  On March 28, 2001, the State of North Carolina dismissed the state charges.  The federal charge, possession of a firearm, was dismissed when the petitioner pled guilty to a later federal charge stemming from an incident which occurred on February 18, 2000.  The petitioner cannot receive credit for the day(s) he spent in the detention center on prior unrelated state and federal charges which were ultimately dismissed.

As noted above, § 3585(b) states a prisoner should be given credit for time served "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . ."  As all the charges for the offenses which occurred on January 29th were dismissed and thus no sentence was imposed on them.  Further, the offense for which the petitioner was sentenced occurred after January 29th.  Accordingly, the petitioner is not entitled to any credit for his current sentence on a later unrelated offense (February 18, 2000) for the time he spent in jail following his arrest on January 29th on charges which were dismissed.

**2) September 11, 2000 - February 8, 2001**

The petitioner contends he is entitled to jail credit for the time he spent in federal custody from September 11, 2000 - February 8, 2001.  The respondent contends that the petitioner was not entitled to credit for this time period because this was time the petitioner

spent borrowed from state authorities under a writ of habeas corpus ad prosequendum and a federal sentence does not begin to run when a federal defendant is produced for prosecution by a writ of habeas corpus ad prosequendum from state custody. Further, the respondent contends that the petitioner is not entitled to jail credit for this time period because the time was credited against the petitioner's state sentence for his parole violation sentence. The undersigned agrees.

On September 11, 2000, the petitioner was borrowed from state custody by the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum. (Resp't's Mem. Supp. Summ. J. Mot. Ex #3 ¶ 15.)   At that time, the petitioner was in the primary custody of the state authorities as a result of his August 30, 2000, arrest for a state probation violation. (*Id.*)  The petitioner remained in federal custody under the writ of habeas corpus ad prosequendum until February 2, 2001, when his federal sentence was imposed and he was returned to the state custody to finish serving his 150-day state probation violation sentence which ended on February 8, 2001. (Id.)   The petitioner's argument to the effect that he could have been bonded and released while serving the 150-day year state sentence for his parole violation is unreasonable, given the undisputed fact that he was actively serving the state sentence during the time period for which he seeks credit. A prisoner is not entitled to prior custody credit for time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum, when the time period was credited against his state sentence, because he already had been sentenced on the state offense and was serving that sentence during the relevant time period.  *Rios v. Wiley*, 201 F.3d 257, 272 (3rd Cir.2000); *United States v. Dennis*, 926 F.2d 768, 770 (8th Cir.1991); *Jimenez v. Warden, FDIC, Fort Devens, Massachusetts*, 147 F.Supp.2d 24, 28 (D.Mass.2001)

Further, the petitioner contends that "[t]he state sentencing court did not intend for the 150 day (probation violation) sentence to not be computed (credited) to his federal

sentence, and at sentencing the Petitioner ask the judge could his jail credit be given toward his federal sentence." (Pet'r's Mem. Supp. Mot. for Summ. J, Mot. at 9.) Even assuming the state sentencing court intended for the state sentence to run concurrently, the petitioner is not entitled to credit on his federal sentence for this time period. The fact that the state sentencing judge may have directed that a state sentence run concurrently with a federal sentence has no bearing on when federal custody commences for purposes of determining the starting date of the federal sentence. *See Del Guzzi v. United States*, 980 F.2d 1269, 1270 (9th Cir. 1992); *Coccimiglio v. DeRosa*, 2006 WL 1897269 (D.Ariz. 2006).

### 3) February 3- July 5, 2001

The petitioner contends he is entitled to jail time credit for the time period February 3- July 5, 2001. The respondent contends that the petitioner is not entitled to any jail time credit for the time period of February 3 through February 7, 2001, because this was time the petitioner actually spent serving the 150-day state probation violation sentence. The respondent also contends that the petitioner is not entitled to any jail credit for any time subsequent to February 8, 2001, because his federal sentence commenced on February 8, 2001, and the petitioner has been credited with this time.

The petitioner is not entitled to any prior custody credit for this time period because February 8, 2001, is the date his federal term of incarceration began - that is, the date that he actually began to serve the federal sentence imposed upon him. The record shows that the petitioner has received credit from February 8 - July 5, 2001. (Resp't's Mem. Supp. Summ. J. Mot. Ex. 2.) Therefore, the issue is with the time period of February 3 - February 7, 2001. However, the petitioner himself states that his state sentence ended on February 8, 2001. (Mem. Supp. Pet. at 2.) The petitioner is simply not entitled to credit on his federal sentence for time spent serving his state sentence.

Based on the foregoing, it appears the petitioner's sentence has been properly calculated. Accordingly, the respondent's motion for summary judgment should be granted and the petitioner's motion for summary judgment denied.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (Dkt. # 12) be GRANTED; the Plaintiff's Motion for Summary Judgment (Dkt. # 14) be DENIED; and this action be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

April 24, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).