IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Marcus Tyrone Williamson, #20496-054, ) | |
| ) | |
| Petitioner, ) | CA No. 8:07-3739-HMH-BHH |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Michael Pettiford, Warden ) | |
| FCI-Bennettsville, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Marcus Tyrone Williamson ("Williamson") is a pro se prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, alleging that the Federal Bureau of Prisons ("BOP") has unlawfully computed his sentences and failed to award credit toward his sentence. Magistrate Judge Bruce Howe Hendricks recommends granting the Respondent's motion for summary judgment. For the reasons stated below, the court adopts the Report and Recommendation of the Magistrate Judge and grants the Respondent's motion for summary judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Williamson is currently incarcerated at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina. On January 29, 2000, Williamson was arrested by the Greensboro, North Carolina Police Department for possession of a firearm by a felon, selling and delivering marijuana, and possession of marijuana. (Resp't's Mem. Supp. Summ. J. Ex. 3 (J. R. Johnson ("Johnson") Decl. ¶ 4).) According to Williamson he was released on bond on February 4, 2000. (Pet'r's Mem. Supp. Summ. J. 3.) Williamson was charged on February 18, 2000, with possession of a firearm when a pistol was discovered during the execution of a search warrant on Williamson's home. (Resp't's Mem. Supp. Summ. J. Ex. 3 (Johnson Decl. ¶ 5).) Williamson was released from custody the next day. Again, on April 26, 2000, Williamson was arrested by the Greensboro Police Department for possession of a firearm by a convicted felon. (Id. Ex. 3 (Johnson Decl. ¶ 6).) On August 28, 2000, Williamson was indicted by a federal grand jury on two counts for possession of a firearm by a felon with respect to the January 29, 2000, and February 18, 2000, offenses. (Id. Ex. 3 (Johnson Decl. ¶ 7).)

Subsequently, on August 30, 2000, Williamson was arrested by the Greensboro Police Department for a state probation violation. (Pet'r's Mem. Supp. Pet. 2.) Williamson was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on September 11, 2000. (Resp't's Mem. Supp. Summ. J. Ex. 3 (Johnson Decl. ¶ 9).) On September 12, 2000, the State of North Carolina revoked Williamson's state probation and sentenced him to one hundred fifty (150) days' imprisonment. (Id. Ex. 3 (Johnson Decl. ¶ 9).)

On February 2, 2001, Williamson pled guilty to the February 18, 2000, indictment and the January 29, 2000, federal indictment was dismissed. (Id. Ex. 1 (Feb. 2, 2001, Judgment 1).) The

2

United States District Court for the Middle District of North Carolina sentenced him to one hundred twenty (120) months' imprisonment, which he is currently serving. (Id. Ex. 1 (Feb. 2, 2001, Judgment 2).) Following his sentencing in federal court, Williamson was returned to state custody to serve his 150-day state probation-violation sentence. (Id. Ex. 3 (Johnson Decl. ¶ 10).) On February 8, 2001, Williamson completed serving his state probation-violation sentence and began serving his federal sentence. (Pet'r's Mem. Supp. Pet. 3.) Williamson remained in state custody because he had other pending state charges that were later dismissed. (Id.) On April 5, 2001, Williamson was transferred to federal custody. (Id.)

Williamson filed his petition on November 13, 2007.[2] In his petition, Williamson alleges that the Federal Bureau of Prisons ("BOP") has unlawfully computed his sentence and denied him credit toward his sentence. (§ 2241 Pet. 7.) The BOP has credited Williamson with a total of sixteen days for the following periods: February 18–19, 2000; April 26, 2000; and August 30–September 11, 2000. (Respt's Mem. Supp. Summ. J. 6 n.1 & Ex. 2 (Sentencing Monitoring Computation Data 2).) Williamson asserts that he is entitled to credit for the following time periods, totaling three hundred thirteen (313) Days: January 29–February 4, 2000; September 11, 2000–February 8, 2001; and February 2–July 5, 2001.

The Respondent filed a motion for summary judgment on February 1, 2008, and Williamson filed a motion for summary judgment on February 22, 2008.[3] The Magistrate Judge entered the Report and Recommendation on April 24, 2008, recommending granting the

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

[3] See id.

Respondent's motion for summary judgment and denying Williamson's motion for summary judgment. Williamson filed objections to the Report and Recommendation on May 5, 2008.[4]

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the plaintiff, not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the defendant's

---

[4] See id.

summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B.  Magistrate's Report and Recommendation

The Magistrate Judge recommended granting the Respondent's motion for summary judgment because: (1) Williamson is not entitled to credit for the time from January 29, 2000, to February 4, 2000, that he spent in custody awaiting bond on the charges he was arrested for on January 29, 2000, because all of the charges which occurred on January 29, 2000, were dismissed and the offense for which the petitioner was sentenced occurred after January 29, 2000; (2) Williamson is not entitled to the time he spent in federal custody from September 11, 2000, to February 8, 2001, because during this period Williamson was borrowed from state custody on a writ of habeas corpus ad prosequendum and the time period was credited against Williamson's state sentence for his parole-violation sentence; (3) Williamson is not entitled to additional credit for the time from February 2, 2001, to July 5, 2001, because he has received credit from February 8, 2001, when his federal sentence began, to July 5, 2001, and the time period from February 2, 2001 to February 7, 2001 was spent serving his state probation-violation sentence. (Report and Recommendations, generally.)

### C.  Williamson's Objections

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that some of Williamson's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, and merely repeat his claims. However, Williamson raised one specific objection.

Williamson argues that pursuant to 18 U.S.C. § 3585, he is entitled to prior custody credit for the period from September 11, 2000, to February 8, 2001. (Objections 2.) Williamson spent the majority of this time period, from September 11, 2000, to February 2, 2001, in federal custody[5] under a writ of habeas corpus ad prosequendum. (Resp't's Mem. Supp. Summ. J. Ex. 3 (Johnson Decl. ¶¶ 9-10).) At the time of his transfer to federal custody on September 11, 2000, Williamson was in state custody as a result of his August 30, 2000, arrest for a state probation violation. (Id. Ex. 3 (Johnson Decl. ¶ 9).) Williamson was returned to state custody for the remainder of the time, from February 3, 2001, to February 8, 2001, to finish serving his state probation-violation sentence. (Id. Ex. 3 (Johnson Decl. ¶ 10).)

The controlling law regarding the application of prior custody credits is set forth in 18 U.S.C. § 3585(b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that *has not been credited against another sentence*. (emphasis added).

---

[5] Although Williamson was physically in federal custody during this time, temporary removal of a prisoner from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum does not transfer a prisoner from state to federal custody; "he is merely 'on loan' to federal authorities." Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992).

More specifically, "[a] defendant may not receive credit against his federal sentence for time spent in state custody prior to the date the federal sentence commences if that time has been credited against another sentence." Beard v. Bureau of Prisons, No. 97-7514, 1998 WL 25047, at *1 (4th Cir. Jan. 22, 1998) (unpublished).

It is undisputed that Williamson received credit against his state probation-violation sentence for the time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. A prisoner is not entitled to prior custody credit for time spent in custody which is credited against another sentence. See United States v. Goulden, No. 94-5389, 1995 WL 298086, at *2 n.3 (4th Cir. May 17, 1995) (unpublished). Because Williamson received credit for this time on his state probation-violation sentence, he cannot also receive credit for this time toward his federal sentence.

In addition, Williamson asserts that he should receive credit for this time because the state court "desired" that the two sentences should run concurrently. (Objections 4.) However, even assuming the state sentencing court intended for the state and federal sentences to run concurrently, a state court does not have authority to determine how a federal sentence is computed. The United States Attorney General is responsible for the computation of federal sentences. See United States v. Wilson, 503 U.S. 329, 337 (1992); cf. Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991) ("The determination by federal authorities that [the defendant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction."). Therefore, Williamson is not entitled to a reduction of his federal sentence irrespective of any state court pronouncement that his state sentence run concurrently with his

federal sentence. In addition, Williamson's argument that he would not have "agreed" to have his state probation revoked if he had not been "emotionally depress [sic]" by his upcoming federal sentence is irrelevant, speculative, and without merit. (Objections 4.)

Finally, Williamson is not entitled to any credit toward his federal sentence for the remainder of the time, February 3, 2001–February 8, 2001, he spent in state custody serving his state probation-revocation sentence. The federal judgment and commitment order did not indicate whether the federal sentence was to run concurrently or consecutively with any previous sentence. Pursuant to 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." See also Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003) (finding that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently."). The federal court did not order that Williamson's federal sentence run concurrently to any previously-imposed state sentence. Therefore, Williamson's federal sentence properly began consecutively to his state sentence.

Based on the foregoing, the court adopts the Report of the Magistrate Judge and grants the Respondent's motion for summary judgment.

Therefore, it is

**ORDERED** that Williamson's motion for summary judgment, docket number 14, is denied. It is further

**ORDERED** that the Respondent's motion for summary judgment, docket number 12, is granted, and Williamson's § 2241 petition is dismissed with prejudice.

**IT IS SO ORDERED**.

                                               s/Henry M. Herlong, Jr.
                                               United States District Judge

Greenville, South Carolina
May 9, 2008

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.